JUAN RAFAEL CINTRÓN, Plaintiff and Appellee, *v.* RAFAEL GALLARDO DÍAZ, Defendant and Appellant.

No. 7788. Argued June 16, 1939.—Decided June 21, 1939.

*Faustino R. Aponte,* for appellant. *Pablo Andino Espejo,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Defendant in a filiation suit defaulted, and appeals from an adverse judgment based on evidence introduced by plaintiff at the trial. The only assignment of error is that:

"The district court erred by entering judgment on default based on a complaint which did not state facts sufficient to constitute a cause of action."

Plaintiff alleged that:

"Defendant, Rafael Gallardo Díaz, and Andrea Cintrón Cognet maintained public and notorious amorous relations for some time, while both were single.

"2.—During the period of said amorous relations, and as a result thereof, plaintiff was begotten and born in the municipality of San Juan, P. R. At the time of conception or of birth, nor before nor for some time later was there any legal impediment to a marriage between his parents.

"3.—Since plaintiff's conception to the present time, Rafael Gallardo Díaz, the defendant, by his own voluntary acts, has acknowledged that what was conceived by Andrea Cintrón Cognet, plaintiff's mother, is his descendant, born of the marital relations with her."

Section 125 of the Civil Code (1930 ed.) reads in part as follows:

"The father is obliged to recognize the natural child:

"  .      .      .      .      .      .      .      .      .      .      .

"2.—Where the child has uninterruptedly enjoyed the condition as of a natural child of the defendant father justified by acts of the same father or of his family."

It was not necessary, we think, to allege in the words of the statute the uninterrupted enjoyment of the *status* of a natural child. The averment as to the facts of plaintiff's conception and birth—followed by the averment that, from the time of plaintiff's conception to the time of the filing of the complaint, defendant by his voluntary acts, had acknowledged plaintiff as his offspring, the issue of material relations with plaintiff's mother—was a sufficient averment of plaintiff's uninterrupted enjoyment of a *status* as defendant's natural child. See *Colón* v. *Heirs of Tristani,* 44 P.R.R. 163, 173; *Negrón* v. *Heirs of Izquierdo,* 46 P.R.R. 638; *Rivera* v. *Izquierdo,* 52 P.R.R. 291.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice De Jesús dissented.